IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MELODY HILL and STEVE HILL,
residents of the State of Ohio,

        Plaintiffs,

v.   CIVIL ACTION NO. 3:13-1960

CARTEE RESTAURANT GROUP, INC.,
a West Virginia corporation,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiffs' several pretrial Motions (ECF Nos. 69, 70, 71, 72, and 75) and Defendant's Omnibus Motion in Limine (ECF No. 77). The Court heard oral argument regarding these Motions on August 4, 2014. These Motions are ripe for resolution.

First, as Defendant does not object, the Court **GRANTS** Plaintiffs' Renewed Motion in Limine to Prohibit and Exclude Any Testimony, Inference, or Argument That Any Compensation Awarded to the Plaintiff Will Not Be Subject to State or Federal Income Taxes (ECF No. 69).

Second, as Defendant does not object, the Court also **GRANTS** Plaintiffs' Renewed Motion in Limine to Prohibit and Exclude Any Testimony, Inference, or Argument Regarding the Plaintiffs' Attorneys' Financial Interest or Motive (ECF No. 70).

Third, for the reasons stated at the hearing, the Court **GRANTS** Plaintiffs' Motion in Limine to Permit Plaintiff to Submit Redacted Medical Expense Exhibits to Conceal the Existence of Collateral Source Payments and Discounts or Alternatively to Present a Typewritten

Summary of Medical Expenses Incurred by Plaintiff, Melody Hill (ECF No. 71). The Court **FINDS** that redaction of discounts is proper, pursuant to *Kenney v. Liston*, No. 13-0427, 2014 WL 2565563 (W. Va. June 4, 2014). Additionally, the Court **FINDS** that Plaintiffs may prepare as a summary a list of expenses with pertinent information (such as the date and the nature of each expense) and **DIRECTS** Plaintiffs to provide that list to Defendant as least one week before trial.

Fourth, as Defendant does not object, the Court **GRANTS** Plaintiffs' Renewed Motion in Limine to Prohibit and Exclude Any Evidence, Testimony or Reference to Payments Made to the Plaintiff by Plaintiff's Employer, OhioHealth Corporation (ECF No. 72).

Fifth, the Court **DENIES** Plaintiffs' Motion For an Adverse Jury Instruction Due to Defendant's Spoliation of Relevant Evidence (ECF No. 75). Plaintiff Melody Hill allegedly slipped and fell on a pool of clear liquid on August 26, 2011, around 12:30 p.m., as she was walking toward the women's restroom of an Arby's restaurant owned and operated by Defendant. Plaintiffs seek an adverse jury instruction based on Defendant's destruction or non-retention of the so-called Arby's Daily Operations Checklist for that date. The checklist is a two-page document listing various parts of the restaurant that must be checked by employees, including the floors. Daily Operations Checklist, ECF No. 83-1. As stated on the checklist itself, it is typically completed around 10:30 a.m., before the lunch rush, and then again at 4:30 p.m., before the dinner rush. *Id.*; Stacie Fellure Dep. 15:16-16:20, Feb. 26, 2014, ECF No. 75-3. Although Defendant does not impose a checklist retention policy, managers are free to impose their own such policies. Under the policy imposed by the applicable manager for this Arby's restaurant, the checklists for a given month were saved until the end of the month and then

discarded. Scott Menear Dep., 77:10-78:2, Feb. 26, 2014, ECF No. 83-2. A manager would also conduct hourly safety inspections, although there was no policy requiring that records of those inspections be made. *Id.*, 23:4-23.

Allegedly pursuant to the general manager's policy, the Daily Operations Checklist for August 26, 2011, was destroyed within just a few days of Plaintiff's accident. The Court is troubled that this destruction took place when Defendant itself made efforts to collect information regarding the accident—including taking statements from two employees on duty—shortly after the accident occurred. Additionally, Plaintiff has presented evidence that she was in contact with Defendant's insurance adjuster within days of her accident. Although this evidence suggests conduct on the part of Defendant which may be, at the least, negligent, the Court does not believe that an adverse jury instruction based on spoliation of evidence is warranted. The checklist would have been completed approximately two hours before the accident. Defendant presents testimony that a manager completed two inspections of the floor between the time when the checklist would have been completed and when the accident occurred. In light of this evidence, the Court believes that an adverse jury instruction would unfairly characterize the significance of the checklist and its omission from the case. This is especially true since Plaintiffs are still free to present evidence and argument regarding the destruction of the checklist at trial. For these reasons, the Court rejects Plaintiffs' request for an adverse jury instruction.

Sixth, the Court **GRANTS in part** and **DENIES in part** Defendant's Omnibus Motion in Limine (ECF No. 77). Specifically, Items 1 through 7, Items 9 through 12, and Items 15 and 16, are **GRANTED**, as Plaintiffs did not object to these items. For the reasons stated at the hearing, the Court **DENIES** Item 8. Having reviewed the evidentiary deposition of Dr. Mehta,

Plaintiff's treating physician, and considered the arguments of counsel, the Court also **DENIES** Item 13. Dr. Mehta's testimony is sufficient to permit Plaintiffs to claim damages for future patellofemoral arthritis. Further, Plaintiffs' vocational consultant may testify as to future reduced or impaired employment characteristics consistent with the medical evidence; therefore, Item 14 is **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: August 6, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE